UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUMMUS TECHNOLOGY HEAT TRANSFER B.V., <br><br>                                 Plaintiff, <br><br> -against- <br><br> CREDIT AGRICOLE CORPORATE & INVESTMENT BANK, <br><br>                                 Defendant. | 22-CV-04025 (MMG) <br><br> **ORDER** |
| AO UNICREDIT BANK, <br><br>                                 Intervenor-Plaintiff. | |

MARGARET M. GARNETT, United States District Judge:

      This case involves a dispute over a letter of credit issued in connection with a Dutch company's contract to design and manufacture specialized equipment for a Russian company involved in the oil and gas industry (the "Contract"). The Contract pre-dated Russia's invasion of Ukraine, and the imposition of international sanctions affecting the Russian oil and gas industry following that invasion necessarily paused performance of the Contract. The original letter of credit was issued by Defendant Credit Agricole. Intervenor AO UniCredit Bank is a Russian bank who served as the confirming bank on the letter of credit. After the invasion of Ukraine paused performance of the Contract, the Russian company made a demand on AO UniCredit for payment on the letter of credit, which AO UniCredit honored. AO UniCredit then made a demand for reimbursement on Credit Agricole under the terms of the letter of credit, which Credit Agricole refused, in part on the ground that providing the reimbursement would violate the international sanctions regime against Russia and certain sectors of the Russian economy.

      This case was previously stayed pending the outcome of related litigation in New York state court. Now before the Court is a motion by AO UniCredit to lift the stay in order to enable it to move for summary judgment on its claim against Credit Agricole for reimbursement on the letter of credit. A central issue in the motion (and in Credit Agricole's anticipated opposition to it) is whether the post-Ukraine-invasion international sanctions regime would prevent Credit Agricole from making payment to AO UniCredit, even if it were otherwise legally obligated to do so under the letter of credit.[1] *See* Dkt. Nos. 59–62. The motion will be fully briefed by July 29, 2024. *See* Dkt. No. 56.

---

[1] The AO UniCredit motion directly addresses only the sanctions imposed by Switzerland (the governing law under the terms of the letter of credit) and the European Union. However, other sanctions regimes, including that of the United States, could be implicated as well, given Credit Agricole's banking operations outside of France. *See also* "Credit Agricole Subsidiaries to Settle Alleged Violations of U.S. Sanctions," Mengqi Sun, *Wall Street Journal*, Sept. 26, 2022.

      Because of the various governmental interests that may be implicated by the Court's ruling on the motion to lift the stay (including, *inter alia*, regulatory interests in the activities of a financial institution whose subsidiaries were previously found in violation of other U.S. sanctions regimes, interest in the interpretation and enforcement of its own Ukraine-invasion-related sanctions, and foreign relations implications of the Court's interpretation of the sanctions regimes of U.S. allies such as the European Union and the United Kingdom), the purpose of this Order is to inform the United States Government of the pending motion, so that the Government may determine whether it wishes to seek to intervene or to file a Statement of Interest.

      The Court will serve this Order on the U.S. Attorney's Office for the Southern District of New York by first-class mail and email. If the Government wishes to intervene or to file a Statement of Interest, it should do so by **August 5, 2024.**

Dated: June 20, 2024
       New York, New York

                                                SO ORDERED.

                                                MARGARET M. GARNETT
                                                United States District Judge